E-Filed for Record
7/30/2015 3:39:53 PM
Jennifer Whittington, District Clerk
Kleberg County, TX
By: Jennifer Whittington

CAUSE NO. 15-382-D _____

| | | |
|---|---|---|
| EDDIE YAKLIN FORD LINCOLN | * | IN THE DISTRICT COURT |
| MERCURY NISSAN, INC. | * | |
| | * | |
| VS. | * | |
| | * | 105TH JUDICIAL DISTRICT |
| AMERICAN ROAD INSURANCE | * | |
| COMPANY, AMERICAN ROAD | * | |
| SERVICE COMPANY, AND UNIVERSAL | * | |
| UNDERWRITERS INSURANCE COMPANY | * | KLEBERG COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Eddie Yaklin Ford Lincoln Mercury Nissan, Inc., and in support of Plaintiff's

Original Petition, would show the Court as follows:

### I.
### DISCOVERY

Plaintiffs allege that discovery is intended to be conducted under Level 3 as defined in Tex.

R. Civ. P. 190.4.

### II.
### PARTIES

Plaintiff Eddie Yaklin Ford Lincoln Mercury Nissan, Inc. ("Yaklin Ford") is a Texas

corporation whose principal place of business is in Kleberg County, Texas.

Defendant, American Road Insurance Company, can be served with citation through its

registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

Defendant, American Road Services Company, can be served with citation through its

registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**EXHIBIT B**
**(Part 1 of 2)**

Defendant, Universal Underwriters Insurance Company, can be served with citation through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

III.
### JURISDICTION AND VENUE

This Court has jurisdiction over this cause of action because the subject matter of this lawsuit occurred in Nueces County, and the damages are within the jurisdictional limits of the Court.

Venue is proper in this Court pursuant to Tex. Civ. Prac. & Rem. Code Ann §15.002 as it is Nueces County in which all or a substantial part of the events or omissions giving rise to the claims asserted in this Original Petition arose.

IV.
### FACTUAL AND PROCEDURAL BACKGROUND

Yaklin Ford purchased insurance policies to cover the events described herein. Defendant, American Road Insurance Company issued one of the policies in question to Yaklin Ford. Universal Underwriters Insurance Company ("Universal") issued one of the policies in question to Yaklin Ford. American Road Services Company acted as the agent for adjusting Yaklin Ford's claim for American Road Insurance Company.

In April of 2013, sales personnel working for Yaklin Ford were contacted concerning the sale of an automobile described as a 2012 Mercedes Benz CLS550. The individual purchasing the Mercedes Benz identified himself as Scott Heidenreich ("Heidenreich"). Yaklin Ford's employees received copies of the driver's license identifying Heidenreich. Yaklin Ford's finance department obtained a finance application from Ford Motor Credit for Heidenreich. The application was approved and the Mercedes Benz was purchased by Heidenreich. The Mercedes Benz was delivered

2

to a transfer service provided by Heidenreich. Subsequently, it was determined that Heidenreich had not contacted Yaklin Ford or authorized the use of funds from his account to purchase the Mercedes Benz.

At all times pertinent hereto, Defendants American Road Insurance Company and Universal Underwriters Insurance Company were the insurers.

Shortly thereafter Yaklin Ford contacted the Defendants for the purposes of making a claim for payment from American Road Insurance Company, which was adjusted by American Road Service Company. Plaintiff provided all necessary information to the Defendants to make the claim. The claim in question is covered by the policy. The claim in question has been improperly adjusted by these Defendants. By correspondence dated August 1, 2013, American Road Insurance Company and American Road Services Company determined that Yaklin Ford did not have insurance for the Mercedes Benz. Additionally, Yaklin Ford made a claim for this loss with Universal. Universal has determined that Yaklin Ford does not have insurance for the Mercedes Benz.

Defendants American Road Insurance Company, American Road Services Company, and Universal are insurance companies or agents of insurance companies that at all pertinent times did insurance business in the State of Texas. The insurance business done by them in Texas, includes, but is not limited to, the following:

<ol type="a">
<li>The making and issuing of contracts of insurance with the Plaintiff;</li>
<li>The taking or receiving of applications for insurance, including Yaklin Ford's application for insurance;</li>
</ol>

3

c)      The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Yaklin Ford;

d)      The issuance or delivery of contracts of insurance to residents of this state or persons authorized to do business in this state, including Yaklin Ford; and

e)      Adjusting and investigating, or pretending to adjust and investigate, claims by policyholders such as Yaklin Ford.

Defendants American Road Insurance Company, American Road Services Company and Universal are legal entities engaged in the business of insurance, and it constitutes a person as that term is defined in Article 21.21 of the Texas Insurance Code, recently re-codified as Section 541, et. seq., of the Texas Insurance Code.

During the term of the policy, Yaklin Ford sustained a covered loss and promptly reported same to Defendants pursuant to the terms of the insurance policies. Defendants have failed to properly and promptly investigate, estimate, and pay Yaklin Ford's claim in full for clearly covered property damage. Defendants have failed and refused to pay Yaklin Ford a just amount in accordance with its contractual obligations, agreements, and representations. Defendants have, by their own conduct, breached the contract of insurance with Yaklin Ford. Such breach also proximately caused damages to Yaklin Ford, consequential and otherwise as already set forth above. In addition, Yaklin Ford is entitled to recover attorney's fees in connection with the contractual causes of action. All of the conditions precedent to bringing this suit under the policy and to Defendants' liability to Yaklin Ford under the policies for the claims alleged have been performed or have occurred. All notices and proofs of loss were timely and properly given in such manner as

4

to fully comply with the terms and conditions of the relevant insurance policies and applicable law. In the alternative, Yaklin Ford alleges that as to any such terms, conditions, notices, or requirements, Defendants waived them, is estopped from asserting them, and/or Yaklin Ford substantially complied with them. Yaklin Ford makes the same allegations of waiver or estoppel as to every defense or exclusion plead by any adverse party.

Defendants received a "notice of claim" as that term is defined by Section 542.051 of the Texas Insurance Code. Defendants received a written "claim" as that term is defined by Section 542.051 of the Texas Insurance Code. Yaklin Ford alleges that Defendants failed to follow the requirements and time limits of Section 542.051, et. seq., also known as the Prompt Payment of Claims Statute with respect to the claim that is the subject of this suit, and that therefore, whether or not allowed to defend this suit or assert any defenses to it, Defendants owe statutory damages or percentage penalties and attorney's fees under such code provisions. Defendants and their agents viewed Yaklin Ford's damaged property in connection with Yaklin Ford's claim of property damage. Defendants knew or should have known that Yaklin Ford had sustained significant damages as a result of a loss and a peril covered by the insurance policy. Defendants knew that a substantial covered loss was owed. Nonetheless, Defendants denied, delayed or failed to pay or properly investigate some or all of Yaklin Ford's claim with no reasonable basis. Defendants have failed to act promptly or to conduct a good faith investigation. This is bad faith claim delay and/or denial and a violation of Articles 21.21 and 21.55 of the Texas Insurance Code, recently re-codified as Section 541 and 542, et. seq.

Defendants' denial, delay, refusal and/or failure to pay was in bad faith, and constitutes a breach of the covenant of good faith and fair dealing, which breach was a proximate and producing

5

cause of damages to Yaklin Ford more specifically set forth herein. There was no reasonable basis for Defendants' actions, and the Defendants knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay the entirety of such claim.

Furthermore, Defendants' conduct to date as an insurance company operating in the State of Texas amounts to one or more of the following:

a)  Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liable has become reasonably clear;

b)  Refusing to pay claims without conducting a reasonable investigation based upon all available information;

c)  Failing to handle or process the claim in good faith in violation of the common laws expressly stated by the Texas Supreme Court in *Vail v State Farm Bureau*, 754 S.W. 2d, 129 (Tex. 1988);

d)  Committing a course of conduct that is unconscionable;

e)  Omitting information or making false implication or impressions that was either misleading or deceptive, or has the capacity to be misleading or deceptive. For example, representing to the insured that multiple events cause damages and/or that minimal damages had been substantial.

f)  Refusing to pay a claim without a reasonable basis in violation of the common law.;

g)  Delaying payment of a claim without a reasonable basis in violation of the common law.;

6

h)    Denying and/or delaying payment of a claim without determining if there is any reasonable basis to do so in violation of the common law.; or

i)    Other wrongful conduct.

As a result of such conduct, Yaklin Ford has been damaged in an amount in excess of the minimal jurisdictional limits of this Court. In addition, the conduct of Defendants was committed knowingly, and under circumstances constituting willful and wanton and reckless disregard of the rights of Yaklin Ford and others similarly situated. It was negligent and tortuous and included misrepresentation of fact. The conduct of Defendants proximately caused injuries and consequential damages to Yaklin Ford for which it sues. As a result, Yaklin Ford seeks actual damages.

This pleading is filed against Defendants pursuant to the law of good and fair dealing as well as under common law and Articles 541.001, et. seq., of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Suit is authorized and here brought under Art. 541.151 of the Texas Insurance Code and Section 17.50, et. seq., of the Texas Business and Commerce Code. All required notices or demands have been served upon Defendants and have been expressly refused or denied. In the alternative, this suit is brought for breach of contract, and for recovery under a policy of insurance. Yaklin Ford is a consumer of Defendants in that it purchased insurance from Defendants and/or services and advice to be provided by it.

V.

Defendants' actions amounted to unconscionable acts and unconscionable court of action as those terms are defined and contemplated by the Texas Deceptive Trade Practices Act/Tex. Bus. & Com. Code §17.50(a)(3). By reviewing the acts of such parties, and the situation of Yaklin Ford after the incident, it is clear that Yaklin Ford was taken advantage of to a grossly unfair degree.

7

Furthermore, these unconscionable acts all took place in the context of and in connection with Defendants' provision of relevant repair and damage insurance and adjustment services to Yaklin Ford.

Defendants' misrepresentations have already been detailed. It is actionable under the D.T.P.A. because it violated the Texas Insurance Code. Defendants' misrepresented the nature and character of the services Yaklin Ford would be receiving. All such representations and failures to disclose violated Section 17.46(a) and/or Section 17.46 of the Texas Deceptive Trade Practices Act. All these violative misrepresentations or failures to disclose were either believed and/or relied upon by Yaklin Ford. By relying on Defendants' misrepresentations and its failure to disclosure, Yaklin Ford was harmed in that it was deprived of the full payment for the value of the Mercedes Benz. Defendants' misrepresentations and failures to disclose occurred either knowingly or recklessly, and without regard for the harm it might cause Yaklin Ford. Pursuant to §17.50(a) and §17.50(b) of the Texas Deceptive Trade Practices Act, Defendants' conduct was a proximate and producing cause of damages to Yaklin Ford, thus authorizing this suit for such damages, and Defendants' knowing and intentional conduct entitles Yaklin Ford to seek an award of treble damages.

VI.

After receiving notice or becoming aware of Yaklin Ford's losses, all Defendants engaged in unfair settlement practices as enumerated and declared unfair and excessive in Article 21.21, §410 of the Texas Insurance Code and §46(b) of the Texas Business and Commerce Code, including but not limited to the following:

1.   Misrepresenting material facts or the policy provisions relating to coverage of the insurance conflict made the basis of this suit.

8

2.    Failing to attempt in good faith to effectuate a fair and equitable settlement of Yaklin
       Ford's claims once liability became reasonably clear.

3.    Failing to provide a prompt and reasonable explanation of the basis for the denial of
       Yaklin Ford's claims.

4.    Fully refusing to pay Yaklin Ford's claims without first conducting a reasonable
       investigation of same.

5.    Failing to affirm or deny coverage of Yaklin Ford's claim within a reasonable time
       period.

6.    Compelling Yaklin Ford to institute a suit in order to recover amounts due under the
       policies by refusing the amounts Yaklin Ford would ultimately recover.

7.    Representing that the Defendants' goods or services had characteristics, uses, or
       benefits which they do not have.

8.    Representing that the Defendants' goods or services were of a particular standard of
       quality, when they were of a lessor standard of quality.

9.    Representing that the policies conferred involved rights, remedies or obligations that
       the policies did not have or involve.

Yaklin Ford would show that these acts or omissions were done or performed normally, that
as a reaction, without regard to the policy unfairness or deception of the contract described.

The above-referenced facts give rise to Yaklin Ford's claim for Texas Administrative Code
violations because the Defendants engaged in unfair claim settlement practices, including without
limitations those prohibited by 21 TAC, §21.203 by:

9

1.      Not attempting in good faith to effectuate prompt, fair and equitable settlement of the claims Yaklin Ford submitted and which liability was reasonably clear.

2.      Compelling Yaklin Ford to institute this suit to recover amounts due under the policy by offering substantially less the amounts Yaklin Ford will ultimately recover.

3.      By failing to promptly provide Yaklin Ford a reasonable explanation for the denial of Yaklin Ford's claims.

4.      Refusing to pay Yaklin Ford's claims without conducting a reasonable investigation based upon all available information.; and

5.      Violating the Texas Insurance Code Article 21.55, et seq.

Additionally, Defendants have failed to comply with the Prompt Payment Statute of the State of Texas.

Therefore, Yaklin Ford is entitled to recover an additional sum of 18% interest per annum on its claim for damages as described in this Petition, until the day before the judgment for Yaklin Ford in this case is signed.

In all instances, the facts as set forth above, Yaklin Ford would show that it relied upon the Defendants' representations and that the reliance was to Yaklin Ford's detriment. All conditions precedent to bringing this claim have been satisfied.

VII.
FRAUD

Defendants actively made material misrepresentations which it knew to be false to Yaklin Ford and Yaklin Ford relied upon Defendants' misrepresentations to its detriment and suffered damages. Defendants, with an intent to defraud, and while Yaklin Ford was under economic duress,

10

attempted to minimize its responsibility to fully investigate and promptly pay for the damages. Both these frauds combined to cause the damage alleged herein.

## VIII.
## CLAIM FOR ATTORNEYS' FEES

In order to prosecute this action against Defendants, Yaklin Ford has been required to retain the services of the undersigned attorneys and will incur the fees and expenses of said attorneys in regard to this action. Accordingly, pursuant to Chapters 37 and 38 of the Texas Civil & Remedies Code, the DTPA, and under other relevant statutes applicable to the conduct and causes of action alleged herein, Yaklin Ford is entitled to recover its reasonable and necessary attorney's fees incurred through trial and any appeal.

## IX.
## EXEMPLARY DAMAGES

In light of the character of Defendants' conduct with respect to this transaction, Yaklin Ford requests exemplary damages in an amount to be determined by a jury, but not to exceed the relevant statutory limits.

## X.
## TREBLE DAMAGES

The conduct of Defendants was knowing and therefore may be subject to liability for additional damages under the Texas Insurance Code, and/or the Texas Deceptive Trade Practices Act. Yaklin Ford and its attorneys are entitled to attorney's fees in connection with the bringing of this action for breach of contract or alternatively under relevant statute. Pursuant to the Texas Deceptive Trade Practices Act, and/or Texas Insurance Code Yaklin Ford seeks to have its economic

damages trebled because Defendants, at all times pertinent hereto, acted knowingly and with reckless disregard for the rights of Yaklin Ford.

### XI.
### STATUTORY AND COMMON LAW CLAIMS

Yaklin Ford asserts all statutory claims, demands, and causes of action assertable under Texas law from the pleaded scenario and facts.

WHEREFORE PREMISES CONSIDERED, Yaklin Ford prays that the Court cause citation to be issued against Defendants, American Road Insurance Company, American Road Services, and Universal and that upon final hearing in this cause of action, that it have judgment against Defendants jointly and severally, for its damages, and for such other and further relief, at law and in equity, general and special, to which Yaklin Ford shows itself to be justly entitled, including damages, attorney's fees, costs of court, and prejudgment and post-judgment interest.

Respectfully Submitted,

**ANDERSON, LEHRMAN, BARRE
& MARAIST, LLP**
Gaslight Square
1001 Third Street, Suite 1
Corpus Christi, Texas 78404
(361) 884-4981
(361) 884-9618 (fax)
Email: *randerson@albmlaw.com*
Email: *dbarre@albmlaw.com*

By:     */s/ Robert Anderson*
**ROBERT ANDERSON**
State Bar No. 01220800
**DENNY BARRE**
State Bar No. 01805280

**ATTORNEYS FOR YAKLIN FORD**

12

E-Filed for Record
7/30/2015 3:39:53 PM
Jennifer Whittington, District Clerk
Kleberg County, TX
By: Jennifer Whittington

CAUSE NO. _____15-382-D_____

| | | |
|---|---|---|
| **EDDIE YAKLIN FORD LINCOLN** | * | **IN THE DISTRICT COURT** |
| **MERCURY NISSAN, INC.** | * | |
| | * | |
| **VS.** | * | |
| | * | **105TH  JUDICIAL DISTRICT** |
| **AMERICAN ROAD INSURANCE** | * | |
| **COMPANY, AMERICAN ROAD** | * | |
| **SERVICE COMPANY, AND UNIVERSAL** | * | |
| **UNDERWRITERS  INSURANCE COMPANY** | * | **KLEBERG COUNTY, TEXAS** |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO ALL DEFENDANTS

TO:   All Defendants

Plaintiff, Eddie Yaklin Ford Lincoln Mercury Nissan, Inc., serves these Requests for

Disclosure to all Defendants.  Pursuant to Tex. R. Civ. P. 194, you are requested to disclose within

fifty (50) days of service of this request, the information and material described in Tex. R. Civ. P.

194.2(a)-(l).

Respectfully Submitted,

**ANDERSON, LEHRMAN, BARRE**
**& MARAIST, LLP**
Gaslight Square
1001 Third Street, Suite 1
Corpus Christi, Texas 78404
(361) 884-4981
(361) 884-9618 (fax)
Email: *randerson@albmlaw.com*
Email: *dbarre@albmlaw.com*

By:      */s/ Robert Anderson*_____
**ROBERT ANDERSON**
State Bar No. 01220800
**DENNY BARRE**
State Bar No. 01805280

**ATTORNEYS FOR YAKLIN FORD**

## PLAINTIFF'S REQUESTS FOR DISCLOSURE TO ALL DEFENDANTS

(a)  the correct name of the parties to the lawsuit;

(b)  The name, address, and telephone number of any potential parties;

(c)  the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

(d)  the amount and any method of calculating economic damages;

(e)  the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)  for any testifying expert:
    (1)  the expert's name, address and telephone number;

    (2)  the subject matter on which the expert will testify;

    (3)  the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

    (4)  if the expert is retained by, employed by, or otherwise subject to the control of the responding party;

        (A)  all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by for the expert in anticipation of the expert's testimony; and

        (B)  the expert's current resume and bibliography; and

(g)  produce the originals or copies of any discoverable indemnity and insuring agreements;

(h)  produce the original or copies of any discoverable settlement agreements;

(i)  produce the original or copies of any discoverable witness statements;

(j)  in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the

2

injuries or damages asserted, or in lieu thereof, an authorization permitting the disclosure of such medical records;

(k)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)    the name, address, and telephone number of any person who may be designated as a responsible third party.

E-Filed for Record
7/30/2015 3:39:53 PM
Jennifer Whittington, District Clerk
Kleberg County, TX
By: Jennifer Whittington

CAUSE NO. \_\_15-382-D\_\_

| | | |
|---|---|---|
| EDDIE YAKLIN FORD LINCOLN | * | IN THE DISTRICT COURT |
| MERCURY NISSAN, INC. | * | |
| | * | |
| VS. | * | |
| | * | 105TH JUDICIAL DISTRICT |
| AMERICAN ROAD INSURANCE | * | |
| COMPANY, AMERICAN ROAD | * | |
| SERVICE COMPANY, AND UNIVERSAL | * | |
| UNDERWRITERS  INSURANCE COMPANY | * | KLEBERG COUNTY, TEXAS |

## PLAINTIFF'S REQUESTS FOR PRODUCTION TO ALL DEFENDANTS

TO:    All Defendants

Pursuant to the provisions of Rule 196, Texas Rules of Civil Procedure, Plaintiff requests

Defendants to produce and permit Plaintiff, its attorneys, or anyone acting on its behalf to inspect,

sample, test, photograph and/or copy the below designated documents or tangible things/items which

constitute or contain matters within the scope of Rule 196, Texas Rules of Civil Procedure, which

are in the possession, custody or control of Defendants, their agents, employees, servants or

attorneys.  The items subject to this Request for Production shall be produced at the offices of

***ANDERSON, LEHRMAN, BARRE & MARAIST, L.L.P., 1001 Third Street, Suite 1, Corpus***

***Christi, Texas 78404*** within fifty (50) days after receipt of this Request, and will state, with respect

to each document/item or category of documents/items, that inspection or other requested action will

be permitted as requested and that you will comply with this request, except to the extent that

objections are made, stating specific reasons why such discovery will not be allowed.

These Requests for Production are to be considered as continuing and you are requested to

provide, by way of supplemental answers, such additional information, documents and items as you,

your attorney, or any other person acting on your behalf may hereafter obtain which will augment

or otherwise modify your answers.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

A.    "Person" and "Persons" mean both the plural and the singular, and each term includes any natural person, governmental unit, or any other legal entity, such as a partnership, corporation, sole proprietorship, association, or joint venture.

B.    "Identify" or "Identity," when used in reference to a natural person, means his full name, present or last known address, his employer, and his present or last known job title or position. When used in reference to a corporation or legal entity other than a natural person, the term "identify" or "identity" means its name, the address of its principal place of business, and closest place of business. When used in reference to a document, "identify" means the name and date of the document and the identity of the person who prepared it and who signed it. When used for any other purpose, the common dictionary meaning of "identify" applies.

C.    The term "document" as used herein means the original where available, and otherwise a copy, in addition to each non-identical copy (whether different from the original because of marginal notes, or other materials inserted therein or attached thereto, or otherwise) of each item of correspondence, letters, memoranda, messages, notes, reports, cables, telegrams, photographs, film, tapes, and all other written communications of every kind and character; notes, recording tape, recording disc or other records of oral communications; microfilm, graphs, worksheets; schedules; exhibits; demonstrative aids; letters, contracts, agreements; deeds, bills of sale, deeds of trust, security agreements, leases and other instruments or documents of title; maps, logs; summaries; printouts, charts; tables, publications; compilations; minute books, diaries; tax returns; work papers; lists; tapes; video tapes; x-rays, electrocardiograms or medical records; any other data compilations

2

from which information can be obtained and translated, if necessary by the responding person, into reasonably usable form; and all other papers, writings or tangible things in the actual or constructive possession, custody or control of the Plaintiff.

D.      "Document" or "documents" also means every kind of recorded information including, but not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings and any other data compilations from which information can be obtained or translated, if necessary by the person from whom production is sought, into reasonably usable from and any other tangible thing which constitute or contain matters relevant to the subject matter in the action.

E.      "Document" or "documents" also means and includes all matter within the foregoing description that is in the possession, control, or custody of the witness or his/her/its attorney. Without limiting the term "control", a document is deemed to be within the control of the witness if the witness has or has had ownership, possession, or custody of the document or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

F.      The terms "Defendant", "Defendants", "You" and "Your" as used herein includes American Road Insurance Company, American Road Service Company and/or Universal Underwriters Insurance Company, their attorneys, partners, agents, representatives, or any of them.

G.      The term "Plaintiff" as used herein means Eddie Yaklin Ford Lincoln Mercury Nissan, Inc.

H.      The term "or" as used herein means "and/or."

3

I.     The terms "pertaining to" as used herein means concerning, including, evidencing, mentioning, referring, or relating, directly or indirectly, to the specified subject matter or any aspect or portion thereof.

If you object to identifying any person as herein above defined, responding to any request, or producing any items requested, or you feel that a Court Order should be obtained by this party, please so state in your response to the Request for Production.

**Pursuant to TEX. R. CIV. P. 193.7, you are hereby notified that the requesting party intends to utilize any document you produce in response to written discovery in any pretrial proceeding and/or at trial.**

Respectfully Submitted,

**ANDERSON, LEHRMAN, BARRE**
**& MARAIST, LLP**
Gaslight Square
1001 Third Street, Suite 1
Corpus Christi, Texas 78404
(361) 884-4981
(361) 884-9618 (fax)
Email: *randerson@albmlaw.com*
Email: *dbarre@albmlaw.com*

By:      */s/ Robert Anderson*
　　　　**ROBERT ANDERSON**
　　　　State Bar No. 01220800
　　　　**DENNY BARRE**
　　　　State Bar No. 01805280

**ATTORNEYS FOR YAKLIN FORD**

4

## PLAINTIFF'S REQUESTS FOR PRODUCTION TO ALL DEFENDANTS

REQUEST FOR PRODUCTION NO. 1:

Please produce a true and correct copy of your file with respect to the claimed loss for a 2012 Mercedes Benz CLS550 as made by Eddie Yaklin Ford Lincoln Mercury Nissan, Inc.

**RESPONSE:**


REQUEST FOR PRODUCTION NO. 2:

Please produce true and correct copies of any and all communications with respect to the claimed loss 2012 Mercedes Benz CLS550 as made by Eddie Yaklin Ford Lincoln Mercury Nissan, Inc.

**RESPONSE:**


REQUEST FOR PRODUCTION NO. 3:

Please produce true and correct copies of any and all claims filed for American Road Service Company for the claimed loss for a 2012 Mercedes Benz CLS550 as made by Eddie Yaklin Ford Lincoln Mercury Nissan, Inc.

**RESPONSE:**


REQUEST FOR PRODUCTION NO. 4:

Please produce true and correct copies of any and all communications between American Road Service Company and American Road Insurance Company with respect to the claimed loss of a 2012 Mercedes Benz CLS550 as made by Eddie Yaklin Ford Lincoln Mercury Nissan, Inc.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 5:

Please produce any and all correspondence, communications, letters, notes or oral communications, and all other documents or writings sent to or received from, or exchanged by and between you and Eddie Yaklin Ford Lincoln Mercury Nissan, Inc. or its agents, employees, or representatives regarding the 2012 Mercedes Benz made the basis of this lawsuit.

**RESPONSE:**

5

E-Filed for Record
7/30/2015 3:39:53 PM
Jennifer Whittington, District Clerk
Kleberg County, TX

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: __15-382-D_____

COURT *(FOR CLERK USE ONLY)*: By: Jennifer Whittington

STYLED Eddie Yaklin Ford, Lincoln, Mercury, Nissan, Inc. v. American Road Insurance Company, et al

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: Denny Barre | Email: dbarre@albmlaw.com | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):

Eddie Yaklin Ford, Lincoln,

Mercury, Nissan, Inc.

Defendant(s)/Respondent(s):

American Road Insurance Company,

(see attached for other listed

parties)

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**

☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

**Contact info:**

Name: Denny Barre

Email: dbarre@albmlaw.com

Address: 1001 Third Street, Suite 1

Telephone: 361-884-4981

City/State/Zip: Corpus Christi, Tx 78404

Fax: 361-883-4079

Signature:

State Bar No: 01805280

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**

*Debt/Contract*
☒ Consumer/DTPA
☒ Debt/Contract
☒ Fraud/Misrepresentation
☒ Other Debt/Contract:

*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☒ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☒ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
 ☐ Accounting
 ☐ Legal
 ☐ Medical
 ☐ Other Professional
  Liability:

☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
 ☐ Asbestos/Silica
 ☐ Other Product Liability
  List Product:

☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/
 Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—
 Pre-indictment
☐ Other:

### Family Law

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
 ☐ With Children
 ☐ No Children

**Other Family Law**
☐ Enforce Foreign
 Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities
 of Minority
☐ Other:

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with
 Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental
 Rights
☐ Other Parent-Child:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair
 Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property

☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action

☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment

☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

Other listed Parties Contd.

American Road Services Company, and
Universal Underwriters Insurance Company

**E-Filed for Record**
9/2/2015 3:05:34 PM
Jennifer Whittington, District Clerk
Kleberg County, TX
By: Jennifer Whittington

CAUSE NO. 15-382-D

| | | |
|---|---|---|
| EDDIE YAKLIN FORD LINCOLN | § | IN THE DISTRICT COURT |
| MERCURY NISSAN, INC. | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | 105TH JUDICIAL DISTRICT |
| AMERICAN ROAD INSURANCE | § | |
| COMPANY, AMERICAN ROAD | § | |
| SERVICES COMPANY, and UNIVERAL | § | |
| UNDERWRITERS INSURANCE | § | |
| COMPANY, | § | |
| | § | KLEBERG COUNTY, TEXAS |
| Defendants. | | |

## ORIGINAL ANSWER OF AMERICAN ROAD INSURANCE COMPANY AND AMERICAN ROAD SERVICES COMPANY

Defendants American Road Insurance Company and American Road Services Company (collectively "American Road") file this Original Answer to Plaintiff's Original Petition (the "Petition") and state as follows:

### I.
### General Denial

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, American Road generally denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof.

### II.
### Affirmative Defenses

2.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, American Road affirmatively pleads the following defenses: accord and satisfaction, assumption of risk, estoppel, failure of consideration, payment, release, statute of frauds, statute of limitations, waiver, and any other matter constituting avoidance or affirmative defense, including anticipatory repudiation, damages not available under the causes of action alleged, damages not recoverable

ORIGINAL ANSWER OF AMERICAN ROAD INSURANCE COMPANY AND AMERICAN ROAD SERVICES
COMPANY

under the insurance policy, claims and causes of action of Plaintiff are barred and/or excluded under the terms of the insurance policy, damages were caused by acts or omissions of Plaintiff, damages were caused by acts or omissions of third parties, damages unreasonable and/or unnecessary, discharge, exemplary damages not permissible, mistake, impossibility, no reliance, improper notice of breach, parol evidence rule, prevention of performance, offset, recoupment, overpayment, prior material breach, ratification, substantial completion, failure to perform all conditions necessary to assert a claim, failure to mitigate, lack of consideration, lack of standing, material alteration, contributory negligence, unjust enrichment, and unclean hands.

## III.
### Additional Defenses

3.     Plaintiff is not entitled to recover in the capacity in which it sues.

4.     American Road is not liable in the capacity in which it has been sued.

5.     Plaintiff failed to mitigate its alleged damages or losses.

6.     Plaintiff's own acts or omissions caused or contributed to its alleged loss.

## IV.
### Denial of Conditions Precedent

7.     Pursuant to Rule 54 of the Texas Rules of Civil Procedure, American Road specifically denies that all conditions precedent have been performed or have occurred or been excused, including the following: that any act or omission of American Road would constitute a breach of the insurance policy; that any damages of Plaintiff were proximately caused by any alleged act or omission of American Road; that Plaintiff properly presented a claim for an alleged breach of the policy; that American Road waived any terms, conditions, notices, or requirements required by the policy or law, including the Texas Insurance Code and the Texas Business and Commerce Code; that Plaintiff provided all necessary information to American

**ORIGINAL ANSWER OF AMERICAN ROAD INSURANCE COMPANY AND AMERICAN ROAD SERVICES COMPANY**

Road to make a claim; that any claim on the policy by Plaintiff was prompt; that Plaintiff properly presented a claim for recovery of attorney's fees and/or expenses; that Plaintiff's claim is covered by the policy; that Plaintiff is entitled to recover under the policy; that liability under the claim and the policy was reasonably clear; that American Road failed to investigate or properly investigate Plaintiff's claim; that American Road failed to estimate Plaintiff's claim; that American Road viewed Plaintiff's damaged property; that Plaintiff provided sufficient documentation in support of its claim; that Plaintiff supplied any proof of loss, timely or otherwise; that American Road failed to acknowledge or request information on the claim; that American Road delayed payment on Plaintiff's claim; that American Road failed to timely accept, reject, or extend the time to decide the claim; that American Road did not attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim; that American Road failed to handle or process any the claim in good faith; that American Road failed to promptly give Plaintiff a reasonable explanation of any decision related to the claim; that any act or conduct by American Road lacked a reasonable basis; that American Road acted or committed a course of conduct that was unconscionable; that any act or omission by American Road constituted a breach of any duty of good faith and fair dealing; that any damages suffered by Plaintiff were proximately caused by any act or omission of American Road pertaining to any duty of good faith and fair dealing; that any action by American Road was a producing cause of any damages suffered by Plaintiff; that American Road made any misrepresentations and false implications to Plaintiff; that American Road omitted information in any communication with Plaintiff; that American Road misrepresented the nature and character of any services to Plaintiff; that American Road misrepresented the characteristics, uses, benefits, or quality of any goods or services to Plaintiff; that American Road misrepresented the rights, remedies, or

ORIGINAL ANSWER OF AMERICAN ROAD INSURANCE COMPANY AND AMERICAN ROAD SERVICES COMPANY

obligations associated with the policy; that American Road misrepresented material facts or policy provisions to Plaintiff; that American Road made any representations to Plaintiff about the law; that American Road failed to disclose any matter required to be disclosed by law; that American Road made false and material representations to Plaintiff; that American Road made any representations that it knew to be false; that American Road made any representations to Plaintiff recklessly or without knowledge of its truth; that American Road misled or deceived Plaintiff in any way; that Plaintiff relied on any representations made by American Road; that American Road had an intent to defraud Plaintiff; that American Road made false representations with the intent that Plaintiff act on them; that Plaintiff relied on any communication or conduct of American Road; that any representation made by American Road caused Plaintiff's loss and damages; that any conduct or communication by American Road took advantage of Plaintiff to a grossly unfair degree; that Plaintiff exercised good judgment before relinquishing possession of the vehicle as required by the policy; that Plaintiff took reasonable precautions before relinquishing possession of the vehicle as required by the policy; that Plaintiff took reasonable and adequate care to confirm the identity of the individual that contacted, purchased, took delivery, or took possession of the vehicle as required by the policy; that Plaintiff provided evidence or proof that reasonable and adequate care was taken to confirm the identity of the individual as required by the policy; that Plaintiff took reasonable and adequate steps to view original identification documents in the transaction as required by the policy; that Plaintiff took reasonable and adequate steps to identify the individual in the transaction as required by the policy; that Plaintiff verified that the person in the provided driver's license was the person in the transaction as required by the policy; that Plaintiff took reasonable and adequate steps to verify the identity of the transport service or transport service worker who took

**ORIGINAL ANSWER OF AMERICAN ROAD INSURANCE COMPANY AND AMERICAN ROAD SERVICES COMPANY**

possession of the vehicle as required by the policy; that Plaintiff took reasonable and adequate steps to verify the identity of the purchaser or the transport service before relinquishing custody and control of the vehicle to the transport service as required by the policy; that Plaintiff provided proof or verification of false identification or fraudulent check or fraudulent title as required by the policy; that any communication or conduct of American Road constitutes a violation of the Texas Administrative Code; that American Road failed to comply with the Prompt Payment Statute; that American Road failed to meet the obligations and requirements of Chapter 541 of the Texas Insurance Code; that American Road received a claim or notice of claim as required by section 542.051 of the Texas Insurance Code; that American Road received pre-suit notice as required by section 541.154 of the Texas Insurance Code; that Plaintiff established that the notice required by section 541.154 of the Texas Insurance Code was impracticable; that any act by American Road was a false, misleading, or deceptive act or practice that is specifically enumerated in the "laundry list" of section 17.46(b) of the Texas Business and Commerce Code; that Plaintiff relied on any act by American Road that allegedly was a false, misleading, or deceptive act or practice as specifically enumerated in the "laundry list" of section 17.46(b) of the Texas Business and Commerce Code; that Plaintiff provided pre-suit notice as required by section 17.505 of the Texas Business and Commerce Code; that Plaintiff established that the notice required by section 17.505 of the Texas Business and Commerce Code was impracticable; that Plaintiff is a "consumer" under section 17.41, *et. seq.* of the Texas Business and Commerce Code; that American Road can be sued under section 17.41, *et. seq.* of the Texas Business and Commerce Code; that Plaintiff took the proper procedural steps required by the Texas Insurance Code and the Texas Business and Commerce Code; that American Road acted negligently or tortiously; that any damages suffered by Plaintiff were

**ORIGINAL ANSWER OF AMERICAN ROAD INSURANCE COMPANY AND AMERICAN ROAD SERVICES COMPANY**

proximately caused by any negligent or tortious act of American Road; that American Road did any act or omission that would entitle Plaintiff to treble damages; that Plaintiff was under economic duress; that Plaintiff is entitled to recover 18% per annum on its allegations in the Petition; that Plaintiff is entitled to attorney's fees; that Plaintiff is entitled to exemplary damages; that Plaintiff is entitled to any pre- or post-judgment interest; and that Plaintiff filed suit within the applicable limitations period of the insurance policy and/or state law.

## V.
## Request for Attorney's Fees

8.      Pursuant to section 541.153 of the Texas Insurance Code, American Road requests that it be granted reasonable attorney's fees and expenses.

9.      Pursuant to section 17.50(c) of the Texas Business and Commerce Code, American Road requests that it be granted reasonable attorney's fees and expenses.

## VI.
## Exemplary Damages

10.     Plaintiff is not entitled to recover any exemplary damages from American Road, as such recovery, if permitted, would violate the protections of the Constitutions of the United States and the State of Texas, including, but not limited to, the Due Process Clause and Equal Protection Clause of each.

11.     Plaintiff is not entitled to recover any punitive or exemplary damages from American Road because such recovery would violate the provisions of Chapter 41 of the Texas Civil Practices and Remedies Code.

12.     Finally, American Road is entitled to bifurcation of the issue of exemplary damages at trial.

**ORIGINAL ANSWER OF AMERICAN ROAD INSURANCE COMPANY AND AMERICAN ROAD SERVICES COMPANY**

## VII.
## Request for Relief

For the foregoing reasons, American Road respectfully requests that the Court rule in its favor, that Plaintiff take nothing by way of this suit, that American Road be awarded its costs and attorneys' fees incurred in defending this action, as well as any other relief to which it may be justly entitled.

Respectfully submitted,

**LANGLEY LLP**

*/s/ Keith A. Langley*
Keith A. Langley
State Bar No. 11919500
Daniel S. Lockwood
State Bar No. 24083408
901 Main Street, Suite 600
Dallas, Texas 75202
Telephone:     (214) 722-7162
Facsimile:      (214) 722-7161
klangley@l-llp.com
dlockwood@l-llp.com

**ATTORNEY FOR DEFENDANT AMERICAN ROAD INSURANCE COMPANY AND AMERICAN ROAD SERVICES COMPANY**

ORIGINAL ANSWER OF AMERICAN ROAD INSURANCE COMPANY AND AMERICAN ROAD SERVICES COMPANY

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing was served upon the following counsel of record, via electronic service, facsimile, and/or U.S. First Class Mail, on this the 4th day of September, 2015:

Robert Anderson
Denny Barre
ANDERSON LEHRMAN, BARRE & MARAIST, LLP
Gaslight Square
1001 Third Street, Suite 1
Corpus Christi, TX 78404
(361) 884-4981
(361) 884-9618 *Facsimile*
randerson@albmlaw.com
dbarre@albmlaw.com
*Attorneys for Plaintiff*

*/s/ Keith A. Langley* _____
Keith A. Langley

<u>ORIGINAL ANSWER OF AMERICAN ROAD INSURANCE COMPANY AND AMERICAN ROAD SERVICES COMPANY</u>