**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **EDDIE YAKLIN FORD LINCOLN** | § | |
| **MERCURY NISSAN, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 2:15-CV-399** |
| | § | |
| **AMERICAN ROAD INSURANCE** | § | |
| **COMPANY, AMERICAN ROAD** | § | |
| **SERVICES COMPANY and** | § | |
| **UNIVERSAL UNDERWRITERS** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY'S
MOTION TO QUASH PLAINTIFF'S DEPOSITION NOTICES AND
MOTION FOR PROTECTIVE ORDER**

COMES NOW, Universal Underwriters Insurance Company ("UUIC" and/or "Defendant") and pursuant to FED. R. CIV. P. 30(b)(1), FED. R. CIV. P. 26(c), and FED. R. CIV. P. 45(d)(3)(A) and files this Motion to Quash Plaintiff's Deposition Notices and Motion for Protective and for same would respectfully show the Court as follows:

## I.   SUMMARY OF THE ARGUMENT

A litigant must provide reasonable notice of its intention to take a deposition. Reasonable notice encompasses reasonable advance notice, a reasonable date, and a reasonable location. Plaintiff's deposition notices run afoul of all three requirements. Plaintiff's counsel's surprise email notice at 4:51 p.m. on November 8, 2106 of the November 16, 2016 depositions of Jennifer Ward, who is not a party to this lawsuit, and UUIC's Corporate Representative violates FED. R. CIV. P. 30(b)(1) because the one week notice is not reasonable given the facts of this case. Defendant UUIC did not agree to the noticed dates and UUIC's counsel is not available on

November 16, 2016.  Further, one week is not sufficient time for UUIC to identify a Corporate

Representative on the topics listed in Plaintiff's notice and for that person or persons to become

knowledgeable on the topics and be prepared for a deposition.

Additionally, Jennifer Ward is not a party to this case.  As a non-party, a deposition notice

alone is not adequate to compel attendance at a deposition under the Federal Rules of Civil

Procedure.  Instead, Plaintiff is required to issue a subpoena, pay the required witness fee, and pay

a reasonable mileage allowance at the time the subpoenas are served.  Plaintiff has not complied

with the Federal Rules of Civil Procedure.

Defendant UUIC respectfully requests that the Court quash the deposition notices and enter

a protective order requiring Plaintiff to confer in good faith to schedule the depositions at a time,

date and location that is mutually agreeable for all parties.

## II.      FACTUAL BACKGROUND

Plaintiff filed this lawsuit on July 30, 2015 in Texas State Court.  On September 15, 2015,

Defendants American Road Insurance Company and American Road Services Company

(collectively "American Road") properly removed the case to this Court (Doc. 1).  The Court

entered a Scheduling Order (Doc. 10) on December 14, 2015.  According to the Court's Order,

discovery must be completed by August 1, 2016 (Doc. 10).  Plaintiff did not request or notice any

deposition of UUIC employees before August 1, 2016.  All discovery between Plaintiff and

Defendant UUIC had been completed by August 1, 2016 as required by the Court's Scheduling

Order.

Defendant American Road filed a Motion to Compel Plaintiff's Disclosure of Third Party

Witnesses and Opposed Motion to Extend Discovery Deadline on July 21, 2016 in connection with

a discovery dispute between Plaintiff and American Road about the availability and location of

Plaintiff's former employees (Doc. 41).  Defendant American Road requested extension of the

discovery period <u>for the limited purpose of "contacting and, if necessary, deposing the former</u> <u>employees."</u>  (Doc. 41 at Page 7 of 10).  Counsel for UUIC did not oppose American Road's requested extension of the discovery deadlines for the limited purposes proposed by American Road in the Motion to Compel (Doc. 44).  The Court granted American Road's Motion to Compel Plaintiff's Disclosure of Third Party Witnesses (Doc. 49).  In the same Order, the Court stayed the discovery deadline until November 18, 2016 (Doc. 49 at Page 6 of 6).

On November 8, 2016 at 4:51 p.m., Plaintiff's counsel emailed deposition notices for Jennifer Ward and UUIC's Corporate Representative for depositions the following week on November 16, 2016.  *See* Notice of Deposition of Jennifer Ward and Notice of Deposition of UUIC's Corporate Representative attached hereto as Exhibit A.  Plaintiff's counsel did not contact UUIC's counsel to advise that it wanted to depose Ms. Ward and/or UUIC's Corporate Representative nor did Plaintiff's counsel inquire as to dates that UUIC, its counsel, or Ms. Ward are available for deposition.  UUIC's counsel is not available on November 16, 2016.

## III.    ARGUMENT AND AUTHORITIES

The Federal Rules require reasonable written notice to opposing counsel before the taking of an oral deposition.  FED. R. CIV. P. 30(b)(1).  Similarly, Rule 45 governs the issuance of subpoenas, and provides that on timely motion, the issuing court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden.  FED. R. CIV. P. 45(c)(3). Under Rule 45(c)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  FED. R. CIV. P. 45(c)(1). Furthermore, Rule 45(c)(3) further provides that:

On timely motion, the issuing court must quash or modify a subpoena that:

(i)    fails to allow a reasonable time to comply;

(ii)     requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person…

Fed. R. Civ. P. 45(c)(3).  Rules 30 and 45 do not specify what amount of time is "reasonable," but courts have ruled that a week or less is not sufficient notice.  *Gulf Production Co., Inc. v. Hoover Oilfield Supply, Inc.,* 2011 WL 891027, *3 (E.D. La. March 11, 2011).

Certainly what is "reasonable" notice for a deposition depends on the circumstances.  *See e.g.  F.A.A. v. Landry,* 705 F.2d 624, 634-35 (2nd Cir. 1983) (finding that the Government's notice to defense counsel on Monday for the taking of a deposition on the following Friday in another state was reasonable in the case where the deponent was located only ten days before trial and the defense counsel did not contact the Government's attorney or seek expedited relief from the court during the four days between the notice and the date of the deposition).  Here, Plaintiff has had more than a year to request a deposition of Ms. Ward and/or UUIC's Corporate Representative, if it had wanted to depose them.  Plaintiff did not do so before the original discovery cutoff of August 1, 2016.  Plaintiff's unilateral notice on November 8, 2106 of the depositions of UUIC's Corporate Representative and Jennifer Ward for November 16, 2016 is not reasonable.

Additionally, Ms. Ward, who is neither a party nor a party's officer, resides in Lee's Summit, Missouri and works in Overland Park, Kansas.  Plaintiff noticed her deposition for Dallas, Texas.  To obtain an order compelling a non-party to appear for a deposition, the party seeking the deposition must not only notice the deposition, but must also properly serve the non-party with a deposition subpoena pursuant to Rule 45.  *Morawski v. Farmers Texas Cnty. Mut. Ins. Co.,* No. Civ. A. 3:14-MC-21-D-BN, 2014 WL 717170, at *1 (N.D. Tex. Feb 25, 2014); Fed. R. Civ. P. 45(b)(1) requires that serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and mileage required by law.  Fed. R. Civ. P. 45(b)(1).  The Fifth Circuit has held that this rule requires

simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with the service of a subpoena.  *In re Dennis,* 330 F.3d 696, 704 (5th Cir. 2003).  A deposition witness is entitled to a statutory fee of forty dollars and a reasonable mileage allowed based on his or her mode of transportation. *Id.* at 705.  Plaintiff did not subpoena Ms. Ward and did not tender a witness fee or mileage to her.  The notice of deposition of Jennifer Ward should be quashed.

In addition, Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of protective orders.  It provides in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought…and for good cause shown, the court in which the action is pending…may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…If the motion for protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery.

FED. R. CIV. P. 26(c).

There is good cause for this Court to grant this Motion to Quash and Motion for Protective Order as stated above.  Therefore, the Court should quash the deposition notices of UUIC's Corporate Representative and Jennifer Ward.

## IV.    PRAYER

WHEREFORE, Universal Underwriters Insurance Company respectfully prays that the Court: grant Defendant Universal Underwriters Insurance Company's Motion to Quash Plaintiff's Deposition Notices and Motion for Protective Order; quash the Notice of Oral/Video Deposition of Defendant Universal Underwriters Insurance Company's Corporate Representative; quash the Notice of Oral/Video Deposition of Jennifer Ward; and grant such other and further relief, both at law and in equity, to which Universal Underwriters Insurance Company may justly be entitled.

Respectfully submitted:


/s/ Alissa K. Christopher
Alicia G. Curran (Lead Attorney)
State Bar No. 12587500
Southern District Bar No. 19226
Alissa K. Christopher
State Bar No. 11531020
Southern District Bar Number 16201
COZEN O'CONNOR
1717 Main Street, Suite 3400
Dallas, Texas  75201
Telephone: (214) 462-3000
Facsimile:  (214) 462-3299
acurran@cozen.com
akchristopher@cozen.com

ATTORNEYS FOR DEFENDANT
UNIVERSAL UNDERWRITERS INSURANCE
COMPANY

## CERTIFICATE OF CONFERENCE

On November 9, 2016, I conferred with Denny Barre, counsel for Plaintiff, and he stated that his client is opposed to this Motion.  On November 9, 2016, I conferred with Daniel Lockwood, counsel for American Road, and he stated that his client is unopposed.


/s/ Alissa K. Christopher
Alissa K. Christopher

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been served on all counsel of record via ECF, on this the 9th day of November, 2016.


/s/ Alissa K. Christopher
Alissa K. Christopher

LEGAL\28588808\1


**DEFENDANT UUIC'S MOTION TO QUASH PLAINTIFF'S DEPOSITION NOTICES
AND MOTION FOR PROTECTIVE ORDER**