United States District Court
Southern District of Texas
**ENTERED**
August 07, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDDIE YAKLIN FORD LINCOLN MERCURY NISSAN INC., | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:15-CV-399 |
| | § | |
| AMERICAN ROAD INSURANCE COMPANY, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

# **ORDER**

ON THIS DAY came on to be heard Defendants, American Road Insurance Company and American Road Services Company's (collectively "American Road") Motion for Attorneys' Fees, Dkt. No. 62, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

American Road's motion stems from a discovery dispute regarding whether pursuant to Federal Rule of Civil Procedure 26(a) Plaintiff Eddie Yaklin Ford Lincoln Mercury Nissan Inc. ("Yaklin Ford") was required to provide the names and last known contact information of its former employees Eli Morales, Oscar Silva, and Oscar Guerro. *See* Dkt. No. 41 at ¶ 13. On July 21, 2016, American Road filed a Motion to Compel Yaklin Ford's Disclosure of Third Party Witnesses. *See* Defs.' Mot., Dkt. No. 41. American Road represented in an affidavit by Daniel Lockwood, attorney for American Road, that the $2,527 in fees sought are reasonable in connection with the representation of American Road on this issue. *Id.* at Ex. D.

Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). A Plaintiff that fails to initially disclose or supplement to Defendants that a certain individual was an

individual likely to have discoverable information is in violation of Rule 26(a)(1)(A)(i). *See, e.g.*, *Martinez v. Masters Licensing, LP*, No. CIV CC09-71, 2010 WL 3909336, at *3 (S.D. Tex. Sept. 29, 2010).

In its Response Brief to American Road's Motion to Compel, Yaklin Ford conceded that "the parties that counsel for American Road wish to communicate with . . . are the people with knowledge that can help Yaklin's counsel prepare for trial" and that the "parties that counsel for American Road wish to communicate with are still covered by the attorney-client privilege." Pl.'s Resp., Dkt. No. 43 at ¶ 15. Second, it stated that any communication between American Road and Yaklin Ford's three former employees would constitute *ex parte* communications with clients represented by an attorney in contravention of the Texas Disciplinary Rules of Professional Conduct. *Id.* at ¶ 16 (citing Tex. Disciplinary R. Prof'l Conduct 4.02).

After considering the relevant briefs, the undersigned granted American Road's Motion to Compel (Dkt. No. 41), finding that attorney-client privilege did not apply, and that such requested communication did not present ethical issues under the Texas Disciplinary Rules of Professional Conduct. *See* Order, Dkt. No. 49 at 3-5. The undersigned ordered Yaklin Ford to file a written submission showing cause as to why this Court should not order it to pay attorneys' fees in the amount of $2,527. *See* Order, Dkt. No. 49 at 6. Yaklin Ford filed a timely response and request for reconsideration, raising many of the same arguments previously presented to the Court. *See generally* Dkt. No. 50. Additionally, Yaklin Ford argued that "the amount of attorneys' fees of $2,527.00 [is] unjust and excessive." Dkt. No. 50.

Federal Rule of Civil Procedure 37(a)(5)(A) states that if the motion to compel is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A). The court may consider awards of expenses either on written submissions or in an oral hearing. *T-M Vacuum Prod., Inc. v. Taisc, Inc.*, No. CIV.A. H-07-4108, 2008 WL 5082413, at *5 (S.D. Tex. Nov. 25, 2008), citing *Rose v. First Colony Community Servs. Ass'n, Inc.*, 199 F.3d 440, 1999 WL 1068252, at *1 (5th

Cir. 1999) ("An oral hearing is not required"); *see also* Fed. R. Civ. P. 37(a) advisory committee's note to 1993 amendment (stating that "the court can consider such questions on written submissions as well as on oral hearings").

Rule 37(a)(5)(A) also states that the court must not order the payment if the (i) the moving party failed to confer in good faith; (ii) the non-moving party's failure to disclose or produce was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The losing party's conduct is substantially justified if it was reasonable. *Steven S. Gensler*, 1 FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY RULE 37 (Feb. 2017). The Rule does not impose the expenses of bringing a discovery dispute on all losing parties, just the ones who needlessly involve the court by taking an indefensible position. *Id.*

The Court finds that Yaklin Ford's position in refusing to disclose the requested information by American Road was not substantially justified for the reasons already discussed in this Court's October 14, 2016 Order. *See* Order, Dkt. No. 49 at 3-5. Yaklin Ford's response brief does not provide evidence that the terms of Rule 37(a)(5)(A)(i)-(iii) apply, nor does it raise any other arguments that show that Yaklin Ford took a defensible position. Furthermore, the Court finds that Yaklin Ford's argument as to the excessiveness of American Road's request is conclusory.

Therefore, the Court is of the opinion that American Road's Motion for Attorneys' Fees, Dkt. No. 62, has merit and American Road is entitled to an award of fees and expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

The Court hereby **GRANTS** American Road's Motion for Attorneys' Fees, Dkt. No. 62. It is therefore **ORDERED** that Yaklin Ford tender to American Road within thirty (30) days of entry of this Order $ 2,527 for attorneys' fees incurred in bringing the Motion to Compel.

SIGNED this 4th day of August, 2017.

_____
Hilda Tagle
Senior United States District Judge